United States District Court
Southern District of Texas
**ENTERED**
January 01, 2026
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS HERLINDO QUINTEROS CANO, | § § § § | |
| Petitioner, | § | CIVIL ACTION NO. H-25-6155 |
| v. | § § | |
| PAMELA BONDI, *et al.*, | § § | |
| Respondents. | § § | |

## ORDER

The petitioner, Carlos Herlindo Quinteros Cano, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Montgomery Processing Center. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending removal proceedings. (Docket Entry No. 1). After considering the petition, the briefing, and the applicable law, the court grants in part Quinteros Cano's petition, (Docket Entry No. 1), and denies the motion for summary judgment. (Docket Entry No. 6).

As this court and other courts have articulated in numerous decisions, Quinteros Cano is properly subject to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Buenrostro-Mendez v. Bondi*, Civ. Action No. H-25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025); *Gutierrez v. Thompson*, Civ. Action No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Buestan v. Chu*, No. 25-cv-16034, 2025 WL 2972252 (D.N.J. Oct. 21, 2025); *see also* Kyle Cheney, *More Than 100 Judges Have Ruled Against the Trump Admin's Mandatory Detention Policy*, POLITICO (Oct. 31, 2025), https://perma.cc/H6MZ-VC2Z. The court also notes that a district court in the

Central District of California certified a class of petitioners similarly situated to Quinteros Cano and granted summary judgment in their favor, holding that § 1226, not § 1225, applies to those in Quinteros Cano's position. *See, e.g.*, *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, --- F. Supp. 3d ----, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025); *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, --- F. Supp. 3d ----, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025).[1] The court has found no reason to depart from its prior decisions or the decisions of dozens of other courts.[2]

The respondents must provide Quinteros Cano with a bond hearing under § 1226(a) by January 15, 2026, or release him.[3] The parties are to update the court on the status of his bond hearing no later than January 20, 2026.

---

[1] Because there is a certified class but no class judgment, the district court's rulings in that case do not have preclusive effect in this litigation. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011). But "[u]nder the law of the case doctrine, courts will show deference to decisions already made in [a] case they are presiding over." *Abecassis v. Wyatt*, 7 F. Supp. 3d 668, 671 (S.D. Tex. 2014). "Federal courts" are still "expect[ed] . . . to apply principles of comity to each other's . . . decisions when addressing a common dispute." *Bayer*, 564 U.S. at 317. A class has been certified, Quinteros Cano is part of that class, and the class-action court expressly "extend[ed]" its ruling on the named petitioner's "declaratory relief" to the class "as a whole." *Maldonado Bautista*, 2025 WL 3288403, at *9. "This court owes comity to the class-actions court's rulings on the common issues." *Arellano v. Bondi*, No. 25-5454, ECF No. 13 at 4 (S.D. Tex. Dec. 9, 2025).

[2] The court rejects the respondents' other challenges to the habeas petition. As the court explained in *Buenrostro-Mendez*, exhaustion does not bar this court's review of the petition. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3. That Quinteros Cano has not yet requested bond does not change this court's conclusions as to exhaustion and the appropriate relief. *See Flores Perez v. Noem*, No. 2:25-cv-2920, 2025 WL 3532430, at *3 (N.D. Tex. Nov. 14, 2025), *report and recommendation adopted*, 2025 WL 3530951 (N.D. Tex. Dec. 9, 2025). The respondents' argument that Quinteros Cano's petition does not contain sufficiently specific allegations is also meritless in this case given that the respondents admit that they are subjecting him to mandatory detention under § 1225(b).

[3] Quinteros Cano asks that the court direct the respondents to release him, among other requests for relief. (Docket Entry No. 1 at 5). The court concludes that ordering the respondents to provide a bond hearing, rather than immediate release, is the proper outcome. *See Buenrostro-Mendez*, 2025 WL 2886346, at *4. Federal courts have "broad discretion" in fashioning appropriate habeas relief. *See Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

SIGNED on January 1, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge